UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GERALDINE LOCHREN and TOMEKA WOODS, on their own behalf and on behalf of those similarly situated,**

Case No.:

Plaintiffs,

vs.

**HORNE LLP,**

Defendant.               /

**COMPLAINT & DEMAND FOR JURY TRIAL**
**(Collective Action Complaint)**

Plaintiffs, GERALDINE LOCHREN and TOMEKA WOODS (collectively "Plaintiffs"), on their own behalf and on behalf of those similarly situated, were employees of Defendant, HORNE LLP, ("HORNE" or "Defendant"), and bring this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendant as

well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The FLSA Collective is made up of all QA/QC Specialists[1] ("QA/QCs") and Eligibility Analysts[2] ("EAs") who work or have worked for Defendant at any time within three years prior to this action's filing date (the "Collective Period")

7. The Defendant in this case, a business advisory firm, violated the FLSA by failing to pay Plaintiffs and other similarly-situated QA/QCs and EAs time and one half for all of their hours worked over forty (40) each week.

8. Defendant classified Plaintiffs and all other similarly situated current and former QA/QCs and EAs as exempt from the FLSA's overtime provisions.

9. By the conduct described in this Complaint, Defendant willfully violated the FLSA by misclassifying Plaintiffs and by failing to pay Plaintiffs, and those similarly situated to them overtime wages as required by law during the Collective Period.

---

[1] Link to job description for QCS
https://recruiting2.ultipro.com/HOR1014HORNE/JobBoard/737dc16e-0ddb-4580-be70-5bddeea458ea/OpportunityDetail?opportunityId=dcff47fd-3609-4a0a-8eff-8c11e0c4cb21

[2] Link to job description for EA
https://recruiting2.ultipro.com/HOR1014HORNE/JobBoard/737dc16e-0ddb-4580-be70-5bddeea458ea/OpportunityDetail?opportunityId=42e34326-4721-4efb-9a02-b40f8132ba6a

## JURISDICTION AND VENUE

10. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*) to recover unpaid back overtime wages, to recover an additional equal amount as liquidated damages, to obtain declaratory relief, and to recover reasonable attorney's fees and costs.

11. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §201, *et seq.* (the "FLSA").

12. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

13. Defendant, Horne, conducts business in, among others, Seminole County, Florida; therefore venue is proper in the Middle District of Florida, pursuant to 28 U.S.C. § 1391 (b) & (c).

## THE PARTIES

14. Plaintiffs are adult individuals who reside in Florida.

15. From approximately February 12, 2021 to June 1, 2021, Plaintiff Lochren worked for Defendants as a QA/QC Specialist.

16. Since March 3, 2021, Plaintiff Woods worked for Defendant as an Eligibility Analyst.

17.     Plaintiffs regularly worked for Defendant and for Defendant's benefit in excess of 40 hours per workweek.

18.     Plaintiffs were required to work 45 to 60 hours per workweek and a mandatory Saturday once or twice per month.

19.     Plaintiffs, and those similarly situated individuals ("class members"), earned a salary with no additional compensation.

20.     Horne LLP is a Delaware Limited Liability Partnership that does business in Texas, Tennessee, North Carolina and Florida. According to the Mississippi Secretary of State, Defendant's principal office is located at 661 Sunnybrook Rd, Ste 100, Ridgeland, MS 39157.

21.     Defendant also has an office in Florida located at 260 Wekiva Springs Road, Suite 2090, Longwood, FL 32779.

22.     Defendant, Horne does not engage in transportation of goods, but one of its primary functions is to provide services in crisis situations to speed up processes and deliver results for people looking for funding through local, federal governments and other state agencies. *See, e.g.,* Defendant's website, *available at* https://www.hornecovid19.com/, among other sites utilized by Plaintiffs.

23. Defendant employed Plaintiffs and all other similarly-situated current and former QA/QCs and EAs to process and approve payment for rent applications through the CARES Act[3].

24. At all material times hereto, Defendant was and is an employer within the meaning of the FLAS, 29 U.S.C. § 203(d), (g).

25. At all material times hereto, Defendant employed Plaintiffs and all other similarly-situated current and former QA/QCs and EAs.

26. At all material times hereto, Defendant required Plaintiffs and all other similarly-situated current and former QA/QCs and EAs to perform non-exempt job duties.

## **COVERAGE**

27. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

28. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

29. Plaintiffs were hired by Defendant to perform duties as a QA/QC or EA respectively.

---

[3] The Coronavirus Aid,, Relief, and Economic Security (CARES) Act (2020) and the Coronavirus Response and Consolidated Appropriations Act (2021) provided fast and direct economic assistance for American Workers, families, small business, and industries. The CARES Act implemented a variety of programs to address issues to the onset of the COVID-19 Pandemic. The CARES Act was passed by Congress on March 25, 2020 and signed into law on March 27, 2020.

30. Throughout their employment, Plaintiffs and all other similarly-situated current and former QA/QCs and EAs performed work on behalf of Defendant and were paid directly by Defendant.

31. At all times material hereto, Defendant determined the nature and amount of Plaintiffs and those similarly situated QA/QCs and EAs' pay.

32. At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

33. At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment and/or office supplies).

34. Additionally, during their employment with Defendant, Plaintiffs and all other QA/QCs and EAs engaged in interstate commerce as a result of

routine phone calls and other communications which travelled in interstates commerce.

## FACTUAL ALLEGATIONS

35. Defendant, Horne, has a common pay policy and/or pay practice which fails to pay certain non-exempt employees at a rate of time and one-half their regular rate of pay for hours worked in excess of forty (40) per week.

36. Plaintiff Lochren was initially employed by Horne in Florida as a QA/QC earning a salary of $50,000.

37. Plaintiff Woods was initially employed by Horne in Florida as an EA earning a salary of $46,500.

38. During the course of their employment with Defendant, Plaintiffs and all other similarly situated QA/QCs and EAs regularly worked in excess of forty (40) hours in each workweek, but were not compensated at one-half times their respective regular rates of pay for all hours worked over forty in each such workweek.

39. Plaintiffs and all other similarly situated QA/QCs and EAs primary duties were to help process rent and utility assistance applications.

40. Defendant had a software program which processed the applications, reviewed the income to ensure eligibility met and ultimately determined eligibility for the program benefit.

41. Plaintiffs and those similarly situated had no real authority in the approval or denial of the applications; they would only input the information by either assisting the client or ensuring the information submitted matched the information input and then Defendant's software and higher-ups analyzed the information and approved.

42. Plaintiffs and all other similarly situated QA/QCs and EAs' primary duties did not include the exercise or discretion or independent judgment regarding matters of significance.

43. Defendant improperly classified Plaintiffs and those similarly situated QA/QCs and EAs as exempt from overtime.

44. Plaintiffs and those similarly situated to them routinely worked in excess of forty (40) hours per week as part of their regular duties.

45. Defendant also required that Plaintiffs and those similarly situated to them work one to two Saturdays a month with no additional compensation.

46. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiffs, and those similarly situated, overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

47. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA.

48. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

49. Defendant has acted willfully in failing to pay Plaintiffs, and those similarly situated to them, in accordance with the law.

## COUNT I
## FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME WAGES
*(On Behalf of Plaintiffs and the FLSA Collective)*

50. Plaintiffs, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference paragraphs 1-49 as if fully set forth herein.

51. The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, pursuant to 29 U.S.C. § 207.

52. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

53. Plaintiffs and the FLSA Collective are non-exempt covered employees under the FLSA, 29 U.S.C. § 203(e)(1).

54. Plaintiffs and the FLSA Collective worked in excess of forty (40) hours per workweek for the Defendant during the applicable time period.

55. Plaintiffs and the FLSA Collective are entitled to be paid at the statutory rate of one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) per workweek.

56. At all material times hereto, Defendant was the employer of Plaintiffs and the FLSA Collective and was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

57. At all material times hereto, Plaintiffs and the FLSA Collective were employees of Defendant within the meaning of 29 U.S.C. §§ 203(a) and 207(a).

58. Defendant has not properly compensated Plaintiffs or the FLSA Collective for their overtime hours as required by the FLSA.

59. Defendant failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiffs and the FLSA Collective.

60. Defendant knew Plaintiffs and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiffs

and the FLSA Collective wages at the required overtime rates pursuant to 29 U.S.C. § 255.

61. Defendant's willful failure and refusal to pay Plaintiffs and the FLSA Collective overtime wages for time worked violates 29 U.S.C. § 207.

62. By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the FLSA Collective, defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of 29 U.S.C. § 255(a).

63. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

64. As a direct and proximate result of Defendant's willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered and will continue to suffer damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*, in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

65. **WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated FLSA Collective members, respectfully request that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

    b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

    c. An award of unpaid wages and overtime compensation due under the FLSA;

    d. An award of liquidated damages as a result of the Defendant's willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

    e. An award of prejudgment and post judgment interest;

f.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

66. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the Complaint.

Dated: October 4, 2021

Respectfully submitted,

*/s/ C. RYAN MORGAN*
C. Ryan Morgan
Florida Bar No. 15527
MORGAN & MORGAN, P.A.
20 North Orange Ave, 15th Floor
Orlando, FL 32801
T: (407) 420-1414
F: (407) 245-3401
E: Rmorgan@forthepeople.com

*/s/ Pausha Taghdiri*
Pausha Taghdiri
Florida Bar No. 1002857
MORGAN & MORGAN, P.A.
20 North Orange Ave, 15th Floor
Orlando, FL 32801
T: (689) 219-2027
F: (689) 219-2127
E: ptaghdiri@forthepeople.com
*Attorneys for Plaintiffs*