# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GERALDINE LOCHREN and
TOMEKA WOODS,

        Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　Case No:   6:21-cv-1640-WWB-LHP

HORNE LLP,

        Defendant

---

## SUPPLEMENTAL BRIEFING ORDER

On October 4, 2021, Plaintiffs Geraldine Lochren and Tomeka Woods, on behalf of themselves and those similarly situated, filed this putative collective action against Defendant Horne LLP, asserting a single claim that Defendant failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.  Doc. No. 1.  On November 30, 2021, Plaintiffs filed an amended complaint, asserting the same claim.  Doc. No. 22.

After this case settled at mediation, and prior to any additional persons opting in as Plaintiffs, on September 22, 2022, the parties filed a Joint Motion for Approval of Collective Action Settlement, in which they asked that the Court conditionally certify this action as a collective action for settlement purposes only,

grant final approval of the Collective Action Settlement Agreement reached between the named parties only, and approve their proposed notice to unidentified potential collective action members. Doc. No. 51. On review, the Court denied that motion without prejudice for several reasons, including, among other things, that the parties had failed to support the propriety of the process they sought to employ, which included *final* approval of the Collective Action Settlement Agreement before notice to any potential collective action members, and thus, before the scope of the collective action was known. Doc. No. 54, at 3–6. The Court also had concerns regarding terms of the Collective Action Settlement Agreement, including that there was no objections period for any potential opt-in Plaintiffs. *Id.* at 8.

Now before the Court is the parties' Renewed Joint Motion for Approval of Collective Action Settlement. Doc. No. 64. While it appears that the parties' have attempted to address the Court's concerns, the parties have not adequately addressed the two above issues regarding the processes they seek to employ.

First, in the renewed motion, while the parties spend considerable efforts in addressing whether final certification of the collective action is necessary, *see* Doc. No. 64, at 18–22, they wholly fail to address the Court's primary concern—whether final approval of the settlement agreement (rather than preliminary approval or conditional collective action certification alone) may precede notice to the potential

collective action members.   In the renewed motion, the parties again suggest that Courts have approved FLSA collective settlements "under [an] identical structure as here."   Doc. No. 64, at 13.   But none of the cases cited support that proposition. The first two cases cited are factually and procedurally inapposite on this issue.   *See Dozier v. DBI Servs., LLC*, No. 3:18-cv-972-BJD-MCR, 2021 WL 6061742 (M.D. Fla. Dec. 22, 2021), *report and recommendation adopted*, 2022 WL 2305814 (M.D. Fla. Jan. 19, 2022); *Adams v. Gilead Grp., LLC*, 280 F. Supp. 3d 1358 (M.D. Fla. 2017).   As to the third and final case, the parties provide a citation to an unpublished decision from the Northern District of Georgia, which is not available on Westlaw, the parties provide no citation to a specific docket entry from that case, nor do they provide the Court a copy for review.   Accordingly, the Court has been unable to review it.   *See Kimmel v. Venture Constr. Co.,* No. 10 Civ. 1388 (N.D. Ga. 2010).

Besides these three cases, the parties provide no authority demonstrating that the Court may grant *final* approval of a settlement *prior to* (or in conjunction with) conditional collective action certification, *prior to* notice to potential collective action members, and *prior to* the scope of the collective action being known.   Nor has the undersigned located any such authority.   To the contrary, courts in this Circuit appear to hold the opposite.   *See, e.g.*, *Copeland-Stewart v. New York Life Ins. Co.*, No. 8:15-cv-159-T-23AEP, 2016 WL 231237 (M.D. Fla. Jan. 19, 2016).[1]   *See also Alvarez v.*

---

[1] *Copeland-Stewart* involved same Plaintiffs' counsel as this case, and the Court

*GEO Secure Servs., LLC*, No. 9:20-CV-80696-WPD, 2020 WL 13349078, at *1 (S.D. Fla. Nov. 13, 2020); *Mygrant v. Gulf Coast Rest. Grp., Inc.*, No. CV 18-0264-WS-M, 2019 WL 4620367, at *2 (S.D. Ala. Sept. 23, 2019); *Hosier v. Mattress Firm, Inc.*, No. 3:10-cv-294-J-32JRK, 2011 WL 7071062 (M.D. Fla. Dec. 29, 2011), *report and recommendation adopted*, 2012 WL 177533 (M.D. Fla. Jan. 23, 2012); *Perez v. Avatar Holdings, Inc.*, No. 6:07-cv-792-Orl-28DAB, 2008 WL 11470949 (M.D. Fla. Mar. 5, 2008), *report and recommendation adopted by* 6:07-cv-792-Orl-28DAB, Doc. No. 44 (May 15, 2008).

Second, the parties do not adequately address the propriety of approving an FLSA collective action settlement agreement that provides for no objections period for the potential opt-in Plaintiffs.  *See* Doc. No. 64.[2]  *See also Mygrant*, 2019 WL 4620367, at *2; *Hosier*, 2011 WL 7071062, *report and recommendation adopted*, 2012 WL 177533 (M.D. Fla. Jan. 23, 2012).

Accordingly, in an abundance of caution, the Court will provide the parties one final opportunity to brief these issues.  It is **ORDERED** that, on or before **May 10, 2023**, the parties shall file a supplemental brief, not to exceed **twenty (20) pages** in length, addressing the issues outlined in this Order.  The supplemental briefing must include citation to legal authority demonstrating that the precise processes the

---

expressly rejected the approach sought again here.  But citation to *Copeland-Stewart* is notably absent from the present motion.

[2] An assertion that this "makes logical sense" is insufficient.  *See* Doc. No. 64, at 21.

- 4 -

parties seek to employ, specifically those outlined in this Order, are appropriate. Should the parties rely on any unpublished legal authority not available on Westlaw, they shall submit a copy of the authority to the Court as an exhibit to the supplemental briefing.

Alternatively, on or before **May 10, 2023**, the parties may withdraw the Renewed Joint Motion for Approval of Collective Action Settlement (Doc. No. 64) and do one of the following: (1) file a motion seeking *preliminary* approval of the proposed collective action settlement and conditional certification for settlement purposes, with appropriate supporting documentation; (2) file a motion seeking final approval of the proposed settlement as to only the named Plaintiffs and any opt-in Plaintiffs at that time; (3) abandon the proposed settlement and file a motion for conditional certification alone; or (4) abandon the proposed settlement and proceed with the case by the current named and opt-in Plaintiffs alone. *See Copeland-Stewart*, 2016 WL 231237, at *4.

**DONE** and **ORDERED** in Orlando, Florida on April 26, 2023.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties