**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STEPHANIE THEOPIN-DELEON,

    Plaintiff,

v.                                              Case No:  6:21-cv-1640-JSS-LHP

HORNE LLP,

    Defendant

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **JOINT MOTION FOR FINAL APPROVAL OF THIRD AMENDED COLLECTIVE ACTION SETTLEMENT AGREEMENT (Doc. No. 103)**
>
> **FILED:**   November 18, 2024
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.     BACKGROUND.

On October 4, 2021, Plaintiffs Geraldine Lochren and Tomeka Woods, on behalf of themselves and those similarly situated, filed this putative collective action against Defendant Horne LLP, asserting a single claim that Defendant failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Doc. No. 1. On November 30, 2021, Plaintiffs filed an amended complaint, asserting the same claim. Doc. No. 22.

The case settled at mediation in June 2022, prior to Plaintiffs moving to certify this matter as a collective action and before any additional plaintiffs opted in. Doc. Nos. 47, 49. The parties settled the matter on behalf of both the named Plaintiffs and the putative collective. *See generally* Doc. No. 51-1. On February 16, 2023, one additional person, Stephanie Theophin-DeLeon, opted in as a Plaintiff. Doc. Nos. 59, 59-1. Between June 2022 and August 2024, the parties engaged in extensive proceedings in an attempt to obtain approval of their collective action settlement and to certify a collective for settlement purposes only. *See* Doc. Nos. 51, 54, 66, 67, 70, 72, 75, 78–79, 81. Ultimately, the parties entered into a Third Amended Collective Action Settlement Agreement (hereinafter, "Amended Settlement Agreement"). *See* Doc. No. 89-1; *see also* Doc. No. 103-1.[1] And Ms. Theopin-

---

[1] For ease of reference, the undersigned cites to the copy of the Amended Settlement Agreement attached to the initial motion for preliminary approval (Doc. No. 89-1) for the remainder of this report.

Deleon became the new named Plaintiff by a second amended complaint filed on February 29, 2024. Doc. No. 87.

On March 13, 2024, the parties jointly moved for approval of their Amended Settlement Agreement, asked that the Court preliminarily approve the agreement, conditionally certify the case as an FLSA collective action for settlement purposes only, and authorize notice to the proposed collective. Doc. No. 89.[2] In sum, and as set forth in detail in the record, the parties' settlement establishes a gross common fund to be allocated to resolving the claims of the named Plaintiff and putative collective action members, which consists of a defined group of former employees of Defendant, as well as attorneys' fees and costs. *See* Doc. No. 89-1 ¶¶ 5–6, 9 (establishing a gross common fund of $518,846.82, of which $383,846.82 will be allocated to resolving the claims of the named Plaintiff and putative collective action members; establishing the amount each putative collective action member will receive via an overtime formula taking into account weeks worked, salary rates, regular rate of pay, the appropriate overtime rate, and the number of overtime hours estimated on a class-wide basis, with each qualified claimant to be paid on a

---

[2] As set forth in detail in prior orders and reports, the parties made multiple unsuccessful attempts to obtain preliminary approval of their agreement prior to the March 13, 2024 motion. *See, e.g.*, Doc. Nos. 51, 54, 62, 64, 66–68, 72, 75, 78–81, 86, 88. That said, the Court ultimately preliminarily approved the agreement and certified the collective for settlement purposes, Doc. No. 95, so a detailed discussion of those prior efforts are unnecessary to resolution of the present motion, and they are not further discussed herein.

pro-rata basis; Plaintiff's counsel to seek $127,500.00 in attorneys' fees; and $7,500.00 to be paid in claims administration); *see also* Doc. No. 93.

On August 9, 2024, the Court granted the motion. Doc. No. 95; *see also* Doc. No. 93. Specifically, the Court conditionally certified this matter as an FLSA collective action for settlement purposes only, with the collective defined as:

> All QA/QC Specialists or Eligibility Analysts on the Texas Rental Relief Program who worked for Defendant within three years prior to the filing of this lawsuit to the approval date.

Doc. No. 95, at 2. The Court also preliminarily approved the Amended Settlement Agreement (Doc. No. 89-1), and authorized the notice and administration process for the proposed collective. *Id.* The Court ordered the parties to file a joint motion for final settlement approval upon completion of the notice and administration process, to including submission of all completed Claims Administration Forms, any objections from potential opt-ins, and a request for final approval of an award of attorneys' fees to Plaintiffs' counsel. *Id.* at 2–3.

Now before the Court is the parties' Joint Motion for Final Approval of Third Amended Collective Action Settlement Agreement, timely filed after completion of the notice and administration process and in compliance with the Court's Order. Doc. No. 103; *see also* Doc. No. 101. The parties seek final approval of their settlement agreement and move for a final award of fees and costs for Plaintiffs' counsel. Doc. No. 103. The motion (Doc. No. 103) has been referred to the

undersigned, and the matter is ripe for review. For the reasons discussed herein, the undersigned will respectfully recommend that the motion be granted.

## II. ANALYSIS.

As discussed above, the Court has already preliminarily approved the parties' Amended Settlement Agreement and conditionally certified the matter as a collective action for settlement purposes. Doc. No. 95. Thereafter, the parties engaged in the notice process approved by the Court. *See id.* Pursuant to the Amended Settlement Agreement, the notice process included:

> Notice and Claims Administration Form will be mailed and emailed to the potential opt-ins within fourteen (14) days of an order approving the settlement. Doc. No. 89-1 ¶ 9. Putative collective action members must complete, sign, and return a valid Claims Administration Form within forty-five (45) days of mailing/emailing of the Notice and Claims Administration Form to be entitled to receive their approved allocation. *Id.* ¶¶ 10–11. Putative collective action members have forty-five (45) days from the mailing/emailing of the Notice to object to the settlement. *Id.* ¶ 12. Within ten (10) days of the claim bar date, the third-party administrator will provide counsel a list of qualified claimants who timely returned a Claims Administration Form. *Id.* ¶ 13.

Doc. No. 93, at 19–20.

In the joint motion, the parties explain:

> Pursuant to the settlement agreement, the Parties undertook the notice process as approved by this Court. *See* D.E. 89-1, ¶¶ 9-13. The Parties hired ILYM Group, Inc., an experienced class action administrator, to complete the notice process. A declaration from the administrator describing the steps taken and claims forms received is

> attached as Exhibit C.[3]   During the notice process, the administrator mailed and e-mailed the approved forms to 260 collective members. In total, 154 collective members returned timely and valid claims forms.[4]
>
> During the notice process, the Parties received one objection from collective member Darrell Ryan, Jr., who stated that he worked more weeks on the Texas Rental Relief Project than shown in the original data. Mr. Ryan asserted that he worked 64 weeks on the project, not 14. Horne investigated Mr. Ryan's claim and confirmed he was correct, and as a result, has agreed to increase Mr. Ryan's settlement amount as described herein to account for the additional weeks.   Plaintiff's Counsel communicated this to Mr. Ryan, who has indicated his approval with the solution.   No other objections were received during the notice period[5] . . . .

Doc. No. 103, at 6–7.   Plaintiff submits the completed Claims Forms with the motion, *see* Doc. No. 102, and a distribution chart, *see* Doc. No. 103-2.   Plaintiff also submits from its settlement administrator the Declaration Cassandra Polites of ILYM Group, Inc. Regarding Notice and Settlement Administration, which outlines the mailing and emailing notice process to the putative collective action members, the receipt of valid claim forms, and that the settlement administrator did not receive any objections.   Doc. No. 103-3.

The parties further explain that during the notice process, Defendant revisited all work weeks for the opt-ins because the Texas Rental Relief Program

---

[3] *See* Doc. No. 103-3.

[4] *See* Doc. No. 102.

[5] *See* Doc. No. 103-4.

was winding down but was still ongoing during the time that settlement was reached. Doc. No. 103, at 3–4. Fifty-seven opt-ins worked additional weeks on the Texas Rental Relief Program that were not accounted for in the settlement; so, in addition to amounts provided for in the settlement and the amounts to which those fifty-seven opt-ins consented, Defendant has agreed to pay additional sums based on an average of forty two hours worked per week, even for weeks in which no overtime may have been worked. *Id.* at 4. These additional sums for Darrell Ryan, Jr. and the other 57 opt-ins will come from the additional funds set aside for potential collective action members who did not file a claim, funds which would otherwise revert to Defendant. Doc. No. 103, at 7 n.8; *see also* Doc. No. 89-1 ¶ 15.

Because the Court already preliminarily approved the Amended Settlement Agreement and there are no outstanding objections from the notice process, and for the same reasons previously set forth regarding preliminary approval, the undersigned will recommend that the Court find the settlement fair and reasonable under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), as it relates to the amounts to be paid to Plaintiff and any opt-ins, and in light of the reasons for the parties' compromise. *See* Doc. No. 95; Doc. No. 93, at 14–17; *see also* Doc. No. 103, at 9–13; Doc. No. 103-2. And as previously noted, the release of claims is limited, with the named Plaintiff and any opt-ins releasing only "wage and hour claims against Defendant as asserted in [this case] and related to the alleged

misclassification of their position as exempt from overtime under the FLSA and state and local wage payment laws." Doc. No. 89-1 ¶ 11; *see also id.* at 14–15. This limited release does not raise concerns under *Lynn's Food*. *See* Doc. No. 93, at 16–17 (and cases cited therein). Moreover, only those persons who filed a claim form will be bound by the settlement. *See* Doc. No. 89-1, at 15.

As it relates to attorneys' fees, the Court previously deferred on this issue, but it is now ripe for disposition in conjunction with final approval of the settlement. *See* Doc. No. 95. The Amended Settlement Agreement provides that counsel for the collective will receive $127,500.00 in attorneys' fees and costs. Doc. No. 89-1 ¶ (6)(b). The fee award is to be paid from the common fund, and as explained by the parties, equates to approximately 23.9% of the common fund because counsel currently has $3,396.73 in outstanding expenses. Doc. No. 103, at 23.

"In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination." *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) (citing *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849–50 (5th Cir. 1998)). However, the FLSA does not require the Court to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG,

- 8 -

2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting *Perez v. Nationwide Protective Servs.*, No. 6:05-cv-328-Orl-22JGG (M.D. Fla. Oct. 31, 2005)); *see also Hosier v. Mattress Firm, Inc.*, No. 3:10-cv-294-J-32JRK, 2012 WL 2813960, at *6 (M.D. Fla. June 8, 2012), *report and recommendation adopted*, 2012 WL 2838610 (M.D. Fla. July 10, 2012) ("As the total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorneys' fees sought.").

Here, given the detailed explanation provided by the parties regarding the fee request, Doc. No. 103, at 13–25, Defendant's agreement to the reasonableness of same, Doc. No. 89-1 ¶¶ 5, 19, counsel's qualifications and time spent in relation to this case, *see* Doc. No. 103-5, and in consideration that some courts have found use of the common fund analysis appropriate in this context,[6] the undersigned will recommend that the Court approve the fee request. *See, e.g., Pierre-Val v.*

---

[6] As noted by the parties, in utilizing a common fund analysis, courts consider: "(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (3) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *See Pierre-Val v. Buccaneers Ltd. P'ship*, No. 8:14-cv-01182-CEH-EAJ, 2015 WL 12843849, at *2 (M.D. Fla. Dec. 7, 2015) (citing *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 775 & n.3 (11th Cir. 1991). Each of these factors are addressed in detail and supported in the joint motion. *See* Doc. No. 103, at 13–25.

*Buccaneers Ltd. P'ship*, No. 8:14-cv-01182-CEH-EAJ, 2015 WL 12843849, at *2 (M.D. Fla. Dec. 7, 2015) (finding request for fees equating to 32% of the common fund consistent with the fees awarded by other courts in the Eleventh Circuit); *Stahl v. MasTec, Inc.*, No. 8:05-cv-1265-T-27TGW, 2008 WL 2267469, at *2 (M.D. Fla. May 20, 2008) (approving combined fees of 28.8% of settlement common fund in FLSA case); *see also Hosier*, 2012 WL 2813960, at *5, *report and recommendation adopted*, 2012 WL 2838610 (M.D. Fla. July 10, 2012) (finding fee award of 30% of the common fund reasonable in FLSA case given lack of objection from the defendant and in light of the experience of counsel and the effort put forth litigating the case).

In sum, because the parties have complied with the notice process previously authorized, and because the settlement reflects a reasonable resolution of a bona fide dispute under the FLSA, the undersigned will recommend that the Court grant final approval of the Amended Settlement Agreement. *See, e.g.*, *Huff v. Bobcat N. Am., LLC*, No. 6:19-cv-861-Orl-37DCI, 2021 WL 268356, at *4 (M.D. Fla. Jan. 25, 2021), *report and recommendation adopted*, 2021 WL 268355 (M.D. Fla. Jan. 27, 2021) (granting final approval of FLSA settlement after notice and opt-in process complete); *Mosley v. Lozano Ins. Adjusters, Inc.*, No. 3:19-cv-379-J-32JRK, 2021 WL 293243, at *5 (M.D. Fla. Jan. 11, 2021), *report and recommendation adopted*, 2021 WL 289031 (M.D. Fla. Jan. 28, 2021) (granting final approval by motion after notice process complete); *Mcguire v. Intelident Sols., LLC*, No. 8:18-cv-02995-T-23SPF, 2020 WL 10506642, at *4-5 (M.D.

Fla. Sept. 2, 2020), *report and recommendation adopted*, 2020 WL 10506644 (M.D. Fla. Sept. 28, 2020) (similar).[7]

## III. RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court:

1. **GRANT** the Joint Motion for Final Approval of Third Amended Collective Action Settlement Agreement (Doc. No. 103).

**2.** **FIND** that the Amended Settlement Agreement (Doc. No. 89-1; *see also* Doc. No. 103-1) is a fair and reasonable resolution of the FLSA claims raised in this case, to include payment to all persons who filed claim forms and attorneys' fees and costs.

3. **ORDER** the parties to perform all actions necessary to effectuate the Amended Settlement Agreement (Doc. No. 89-1) to conclusion.

---

[7] The undersigned notes that courts have determined that final certification of the collective action is unnecessary for final approval of the settlement, absent a motion for decertification by Defendant. *See, e.g.*, *Huff*, 2021 WL 268356, at *2, *report and recommendation adopted*, 2021 WL 268355 (M.D. Fla. Jan. 27, 2021) ("The undersigned finds that final certification or decertification is not necessary for approval of the settlement. It appears that the majority of approvals in other FLSA collective action settlements in the Middle District of Florida did not require such action."); *Mcguire*, 2020 WL 10506642, at *3 (M.D. Fla. Sept. 2, 2020), *report and recommendation adopted*, 2020 WL 10506644 (M.D. Fla. Sept. 28, 2020) ("A final certification decision is not required. In deciding whether a settlement is fair and reasonable, no binding precedent requires different treatment of an FLSA collective action and an FLSA individual action."). Here, the Court previously conditionally certified the collective action for settlement purposes, Doc. No. 95, and Defendant agreed to same, rendering final certification unnecessary. *See id.*

4. **DISMISS** this case **with prejudice**, and thereafter **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on February 5, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy